IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

DREW CICCARELLI and TSX VENTURES, )
LLC,
                                  )
            Plaintiffs,           )
                                  )
vs.                               )    CIVIL ACTION NO. <u>2:24-cv-01888-BHH</u>
                                  )
URANIUM ENERGY CORP.              )
                                  )
                                  )
                                  )
            Defendant.            )

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Drew Ciccarelli ("Ciccarelli") and TSX Ventures, LLC ("TSX") (collectively "Plaintiffs") file this Complaint against Defendant Uranium Energy Corp. ("UEC" or "Defendant"), and for their Complaint, Plaintiffs would show the Court as follows:

## NATURE OF ACTION

1.      Plaintiffs seek to recover from UEC the amounts due and owing under a Consulting Agreement and a Stock Option Agreement, and a declaratory judgment confirming the validity of certain stock options and Plaintiffs' right to exercise those stock options. Plaintiffs fully performed under the agreements, which Defendant does not dispute, yet their efforts to obtain rightful compensation have been repeatedly rebuffed by Defendant, making legal action necessary.

## PARTIES

2.      Ciccarelli is a citizen of South Carolina residing at 1817 Rushland Grove Lane, Johns Island, South Carolina, 29455.

3.      TSX is a South Carolina limited liability company organized under the laws of South Carolina with its principal place of business at 1817 Rushland Grove Lane, Johns Island, South Carolina, 29455. UEC is a corporation organized under Nevada law which can be served

with process at its principal place of business located at 500 North Shoreline, Suite 800N, Corpus Christi, Texas 78401.

**JURISDICTION**

4.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a), because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.  For purposes of diversity jurisdiction, Ciccarelli and TSX are citizens of South Carolina and UEC is a citizen of Texas.

**VENUE**

5.     Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the District of South Carolina, Charleston Division.  Specifically, the Stock Option Agreement was executed by Ciccarelli in South Carolina, and the Consulting Agreement was both executed and partially performed in South Carolina by TSX and Ciccarelli.  In addition, in the Consulting Agreement the parties agreed to venue in the State of South Carolina, waived any argument that the federal courts in South Carolina are an inconvenient forum, and specifically agreed that the laws of the State of Carolina shall govern regardless of conflicts of laws principles.

**FACTUAL BACKGROUND**

6.     In 2017 Ciccarelli and TSX entered into two agreements with UEC.  The first was a Consulting Agreement dated May 10, 2017 (the "Consulting Agreement") between TSX and UEC. The second agreement was a Stock Option Agreement between Ciccarelli and UEC dated and made effective as of May 9, 2017 (the "Stock Option Agreement").  True and correct copies of each agreement are attached to this Complaint as Exhibits "A" and "B" respectively.

7.     The Consulting Agreement required Ciccarelli to consult with UEC in connection with company marketing and communications with the public in the form of press releases and

other information disseminated through various media outlets and otherwise as provided in the Consulting Agreement.

8.     The Consulting Agreement set forth a three-month term "commencing May 9, 2017." Consulting Agreement at Paragraph 1.b. As further provided by that agreement, "[a]t the conclusion of the Term, this Agreement will terminate and be of no further force and effect." *Id.*

9.     In consideration for the consulting services to be performed by Ciccarelli and TSX, UEC agreed to the following compensation set forth in Paragraph 2.a. of the Consulting Agreement:

- •     Payment of a one-time retainer of $20,000;

- •     50,000 UEC stock options granted at a strike price of $1.35 per share to be vested 25% per tranche "one each of August 9, 2017, November 9, 2017, May 9, 2017 [sic], and November 9, 2018 . . .".

10.     Paragraph 5 of the Stock Option Agreement provides that "[o]ptions which have vested in accordance with Exhibit A of this Agreement shall terminate, to the extent not previously exercised, on **May 9, 2022** (the **"Expiration Date"**) and may not be exercised after that date." (Emphases in original.) The options granted in the Stock Option Agreement were fully vested as of November 9, 2018. Subsequently Ciccarelli made an inquiry to UEC seeking to exercise the options. However, the company's Chief Financial Officer sent Ciccarelli an email dated December 15, 2020 alleging that the options ceased to exist 90 days after the consulting services ended. A true and correct copy of that email is attached to this Complaint as Exhibit "C".

11.     Ciccarelli subsequently retained counsel to assist him and TSX in asserting their right to exercise the vested stock options. On March 21, 2022, counsel for Ciccarelli and TSX sent a letter to UEC's Chief Executive Officer (i) putting UEC on notice that the December 15, 2020 letter was incorrect, (ii) making clear that pursuant to the governing contractual agreements the options were vested and neither void nor cancelled, and (iii) attaching the fully executed Notice of Election "to

effectuate his exercise of the stock options." A true and correct copy of the March 21, 2022 letter referencing the Notice of Election (in substantially the form set forth in Exhibit B of the Stock Option Agreement) is attached to this Complaint as Exhibit "D".

12.     Rather than process the valid Notice of Election, UEC never responded.  As a result, a second demand letter was sent to UEC dated January 26, 2024 demanding that UEC immediately process the stock option exercise.  In response, UEC's Canadian outside counsel wrote on January 23, 2024 that the company not only stood on its prior position that the stock options all were cancelled, but that further only 12,500 stock options had ever actually vested and that those had to have been exercised by November 9, 2017.  In addition, UEC's Canadian counsel alleged that Plaintiffs were time-barred from bringing any action for recovery of the value of the stock options. A true and correct copy of that letter is attached to this Complaint as Exhibit "E".

## CAUSES OF ACTION

### Breach of Contract

13.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint.

14.     Plaintiffs entered into contracts with UEC as described above, and Plaintiffs fully performed under those contracts.  Plaintiffs were granted 50,000 stock options for shares in Defendant UEC at a strike price of $1.35 as part of the total compensation package for services provided pursuant to the Consulting Agreement.  All of those options were fully vested by November 9, 2018.  In late 2020 Ciccarelli attempted to exercise the options but was rebuffed by UEC on the grounds that the options all were null, void, and cancelled.

15.     Defendant subsequently failed and refused to honor, accept, and act upon the valid and timely Notice of Election whereby Plaintiffs formally notified Defendant that they were

exercising the 50,000 fully-vested stock options.

16.     UEC's refusal to accept and process the stock options for Plaintiffs constitutes a breach of contract.  The result of that breach of contract is that Plaintiffs have suffered monetary damages in excess of $75,000 USD.

17.     Plaintiffs now seek judgment from and against UEC for all of the damages caused by UEC's breach of contract, in an amount to be proven in this Court, together with pre-judgment interest and post-judgment interest as allowed by law.

### Declaratory Judgment

18.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint.

19.     In accordance with South Carolina Code §15-53-20, Plaintiffs seek a declaratory judgment confirming that:

a.   Plaintiffs' stock options did not expire until May 9, 2022;

b.   Plaintiffs' Notice of Exercise dated and submitted to UEC on March 21, 2022 was valid and timely; and

c.   Plaintiffs therefore were entitled to exercise the 50,000 stock options included as compensation in the Consulting Agreement.

### CONDITIONS PRECEDENT

20.     All conditions precedent to the relief requested by Ciccarelli and TSX in this Complaint have occurred or have been performed.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Drew Ciccarelli and TSX Ventures, LLC request that Defendant UEC Corp be served with process, and that following a hearing, Plaintiffs be awarded a judgment from and against Defendant for all of the damages incurred as a result of Defendant's breach of the Consulting Agreement and the Stock Option

Agreement, for pre-judgment interest as permitted by law, and for post-judgment interest as permitted by law.  Plaintiffs further request a Declaratory Judgment as described herein, and for such other and further relief both at law and in equity as to which they may show themselves to be justly entitled.

Respectfully submitted,

By: __/s/Theodore  Huge__
Date: April 11, 2024
Theodore Huge, Esq. (D.S.C. No. 9508)
HARRIS & HUGE LLC
180 Spring Street
Charleston, SC 29403
Tel: (843) 805-8031
ted@harrisandhuge.com

Kevin J. O'Brien, Esq. (NY No. 1673847)
*Pro Hac Vice Application Forthcoming*
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040
kobrien@fordobrien.com

Counsel for Plaintiffs Drew Ciccarelli and TSX Ventures, LLC